# REMINGTON TYPEWRITER CO., INC., A CORPORATION v. LEONARD G. KELLOGG.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED NOVEMBER 8, 1909.                    DECIDED NOVEMBER 19, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

CONTRACTS—*right of action by creditor of promisee.*

> G. & M. doing business as copartners under the firm name of "Hawaiian Office Specialty Company" purchased of plaintiff in 1905 certain merchandise for the purposes of the business· and in 1907 sold to P. the property of the business, P. making no promise to pay the debts of the concern. P. conducted the business under the same name and subsequently sold the property to defendant, the latter agreeing to pay a certain note of $2000 and "the other and remaining debts of the said Hawaiian Office Specialty Company."· Plaintiff brought an action at law against defendant for the $2400. Held, that if an action is maintainable at all by a creditor of the promisee against the promisor, the creditor not being privy to the contract or to the consideration, the very foundation of any right the creditor may have is the

Remington Typewriter Co. v. Kellogg, 19 Haw. 636.

promisor's contract and that in the case at bar plaintiff's claim
was not one of the debts "of the Hawaiian ·Office Specialty Co."
at the date of the agreement and therefore there was no promise
by defendant to pay it.

### OPINION OF THE COURT BY PERRY, J.

This is an action at law in which plaintiff claims of the
defendant the sum of $2400.   The allegations of the declara-
tion are that about October 1, 1905, plaintiff sold and delivered
certain goods for the price named to William L. Gilluly and
O. V. McCarthy, who at that time were doing business as
copartners under the firm name of the Hawaiian Office Spe-
cialty Co.; that about January 4, 1907, D. S. K. Pahu, being
then the owner of all of the right, title and interest of Gilluly
and McCarthy in the property, business, assets and good will
of said copartners as such entered with the defendant into an
agreement in writing to which more particular reference is
made below; that defendant on January 4, 1907, went into pos-
session of the property so purchased by him from Pahu, on
April 15 exercised the option contained in the agreement and
purchased the property, and on April 18, 1907, formed a cor-
poration to take over the property and business so purchased.
The agreement recites that Pahu "is now the owner of that
certain stock, store and business known as the Hawaiian Office
Specialty Co. of Honolulu, a former copartnership, and is
desirous of disposing of the same and is desirous of having"
Kellogg "take possession of, management of and control of
the same, with an option to purchase the same or at his option
to incorporate the same or to form a corporation to ·carry on
the same," and that Kellogg "is to assume the payment of a
certain promissory note payable to the First National Bank of
Hawaii for and in the sum of two thousand ($2000) dollars"
and continues:  "Therefore, it is ·agreed herein and hereby
that the said party of the first part transfers, assigns, turns over
and sells to the said party of the second part, all the properties

of every kind, nature and description of the said Hawaiian Office Specialty Company, of Honolulu, with all their contracts, with all sums due and payable to them, and assigns all leases and other contracts, and gives immediate possession for the said properties and business to the said L. G. Kellogg, including also the properties in his hands or under his control that are held for sale on commission, so that the said L. G. Kellogg shall be enabled to manage, carry on, provide for the said business and all that pertains thereto, to the fullest and completest extent, without hinderance delays or interruption from any party or parties and the said L. G. Kellogg on his part hereby agrees to assume the payment of said Two Thousand Dollars ($2000.00) note to the said First National Bank of Hawaii, and to take charge of, manage, and conduct the said business to the best of his ability, and under such managers, sub-agents and clerks as he may appoint and undertakes to carry out the plans of said option as he may deem best and for his advantage, and if the said Kellogg finally decides to exercise either the option of purchase or the option of forming a corporation to take over and manage and control said properties, that then he, the said Kellogg, party of the second part, is to provide for the payment of the other and remaining debts of the said Hawaiian Office Specialty Company, in addition to the said Two Thousand Dollars ($2000.00) now assumed.

"It is also further understood and agreed that from the sales of properties now turned over, the running expenses are first to be paid out of the profits thereof or out of any sums thereof, belonging to said Kellogg, party of the second part, under this arrangement, and that next the rent of the office or store room is to be paid, and then the balance of the moneys which is realized from sales, are to be applied by the said Kellogg upon the payment of the said indebtedness assumed by him, and all other indebtedness of said Company."

Defendant demurred on the grounds, among others, that the declaration does not state facts sufficient to constitute a cause

Remington Typewriter Co. v. Kellogg, 19 Haw. 636.

cf action, that plaintiff, because not a party to the contract or privy thereto, has not capacity to sue, and that it does not appear from the declaration that the defendant promised to pay the debt mentioned.   The demurrer was sustained.   Plaintiff excepts.

The case stated in the declaration lacks, of course, some of the essential elements of a novation.   Assuming for the moment that the defendant promised to pay the debt due by Gilluly and McCarthy to the plaintiff, the plaintiff was not a party to the agreement, did not assent to it and did not agree to the substitution of defendant as debtor or release the original debtors. The plaintiff's contention is that although there was no novation and although the plaintiff was not privy to the contract or to the consideration, still under the rule now prevailing in the majority of the states it has a right to maintain this action directly against the defendant for the recovery of the amount of the debt.

Upon the subject of contracts made by one person with another to pay to a third person and the right of the latter to maintain an action against the promisor, many of the cases are irreconcilable.   Not only is there a conflict between the courts of different jurisdictions but also in some jurisdictions in the decisions of the same court.   Courts differ not only in the conclusion reached but also in the reasoning adopted where the conclusion is the same.   Some permit an action by a creditor of the promisee and refuse it to the sole beneficiary, that is, in cases where the promisee is not the debtor of the plaintiff, and others permit it to the sole beneficiary and not to the creditor. Whatever differences are to be found in the rules and in the reasoning none of the authorities go as far as to hold liable a defendant who has not promised to pay the claim of the plaintiff.   "The foundation of any right the third person may have, whether he is a sole beneficiary or a creditor of a promisee is the promisor's contract.   Unless there is a valid con-

tract no rights can arise in favor of any one. Moreover, the rights of the third person, like the rights of the promisee, must be limited by the terms of the promise." 15 Harvard Law Review 767, 797. The defendant's promise may be express or it may be implied from the circumstances, as, for example, by the acceptance of a deed in which it is specifically provided that the conveyance is made upon the understanding that the grantee is to pay certain debts of the grantor. The promise, too, need not be in express terms to pay a particular debt named. Whatever the language used, however, it must clearly appear that the contract was to pay the debt, as, for example, by designating a class within which the particular debt falls. No case has been called to our attention and we are aware of none in which it has been held that a promise by the purchaser to pay the debts of a going concern is to be inferred from the mere fact of the purchase of the property of that concern. Such promise cannot be said to have been within the contemplation of the parties to the transaction. Ordinarily no reason exists in equity or good conscience why the owner of a business may not sell the property used in that business without exacting from the purchaser a promise to pay its debts. The seller may be well able to meet them out of other property and where he is not and the transfer is to be regarded in law as in fraud of his creditors the latter have their remedy by a bill in equity to set aside the transfer.

Assuming that the words "to provide for the payment of" are the equivalent of the words "to pay," the only promise in this case is to pay "the other and remaining debts of the said Hawaiian Office Specialty Company in addition to the said $2000 now assumed." Plaintiff's claim is not specifically mentioned. Is it included within the class here designated? We think that it is not. The "Hawaiian Office Specialty Company" had no existence as a separate entity although Gilluly and McCarthy did business as partners under that name and

Pahu in turn apparently did the same. The "Hawaiian Office Specialty Company" as such had no debts and the debts referred to in the contract as those "of the said Hawaiian Office Specialty Company" were those due by the person who at that time was doing business under that name and who had contracted them in connection with that business. When Pahu bought of Gilluly and McCarthy he assumed and was under no obligation to pay the debts of that business. The debt due plaintiffs ceased at that time to be a debt of the business. It did not become Pahu's debt. The debts assumed by Kellogg, therefore, in the clause in question would at most be those owing by Pahu at the time of such assumption and incurred in connection with that particular enterprise and did not include the claim now sued on.

The exception is overruled.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for plaintiff.

*R. P. Quarles* (*Atkinson & Quarles* on the brief) for defendant.

